In re: Pamela A. SARGENT, Appellant,

Richard Kenneth COX, Plaintiff–Appellee,

v.

Lonnie SAUNDERS; Augusta Correctional Center; Sergeant Sprouse; C. Ailstock; D. Boyers, Captain; Sergeant Santiago; Counselor Nealy; Warden of Brunswick Correctional Center; Mr. Goodman; Doctor Saathoff; Mister Davallou; Doctor Degala, Defendants.

No. 96–7113.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 28, 1997.

Decided Feb. 13, 1998.

350

**ARGUED:** William Gatling Atkinson, Assistant Attorney General, Office of the Attorney General, Richmond, VA, for Appellant. Steven H. Goldblatt, Appellate Litigation Program, Georgetown University Law Center, Washington, DC, for Appellee. **ON BRIEF:** Richard Cullen, Attorney General of Virginia, Claude A. Allen, Deputy Attorney General, Neil A.G. McPhie, Senior Assistant Attorney General, Office of the Attorney General, Richmond, VA, for Appellant. Michelle J. Anderson, Supervising Attorney, Shirley D. Woodward, Student Counsel, Appellate Litigation Program, Georgetown University Law Center, Washington, DC, for Appellee.

Before WILKINS and MICHAEL, Circuit Judges, and CAMPBELL, Senior Circuit Judge of the United States Court of Appeals for the First Circuit, sitting by designation.

Reversed by published opinion. Judge WILKINS wrote the opinion, in which Judge MICHAEL and Senior Judge CAMPBELL joined.

## OPINION

WILKINS, Circuit Judge:

Pamela A. Sargent, an Assistant Attorney General for the Commonwealth of Virginia, appeals a sanction imposed pursuant to Federal Rule of Civil Procedure 11 enjoining application of subsection (g) of 28 U.S.C.A. § 1915 (West Supp.1997), as enacted by the Prison Litigation Reform Act (PLRA) of 1995, Pub.L. No. 104-134, § 804(d), 110 Stat. 1321, 1321-74 to -75 (1996), to inmate Richard Cox in any civil action in the United States District Court for the Western District of Virginia.* We reverse.

### I.

Cox, a Virginia prisoner, filed an action pursuant to 42 U.S.C.A. § 1983 (1994) against Warden Lonnie Saunders and other prison officials, alleging that they had violated his constitutional rights by, *inter alia,* intentionally subjecting him to harmful prison conditions. The prison officials filed a motion to dismiss Cox's action, which was granted except as to one claim. Soon afterward, the district court issued a notice informing Cox of the passage and practical effects of the PLRA. The court correctly explained that under the PLRA

a prisoner may not bring a civil action without prepayment of the appropriate filing fee if the prisoner has, on three or more prior occasions, brought an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is

under imminent danger of serious physical injury.

J.A. 29. Shortly thereafter, Sargent filed a motion for summary judgment on behalf of the prison officials. In the penultimate paragraph of the accompanying memorandum, she asserted:

Cox has already had two cases dismissed for being frivolous or for failure to state a claim. Pursuant to the newly enacted Prison Litigation Reform Act, which amended Title 28 of the United States Code and created a new § 1915(g), Cox will forfeit the right to file future cases if a third case is found to be frivolous, malicious or fails to state a claim upon which relief can be granted. The [prison officials] submit that this is that third case and that an Order should be entered dismissing the case with prejudice, awarding them costs and attorney's fees, and barring Cox from future filings.

J.A. 39-40.

Approximately one week later, Cox requested that his action be dismissed without prejudice, and the district court granted the dismissal. Thereafter, however, the district court granted Cox's motion to reinstate the action. In ruling on that motion, the district court found that Sargent's contentions regarding § 1915(g) were "a blatant misrepresentation of the content of [that provision] and its application to this case" because a portion of Cox's complaint had already survived a motion to dismiss. J.A. 44. The district court also noted that Sargent had misstated the law regarding the filing of future cases because § 1915(g) provides that an inmate who has three qualifying dismissed cases is not barred from all future filings but only from filing actions in forma pauperis when he does not face an imminent danger of serious physical injury. The district court directed Sargent to show cause why the memorandum in support of the motion for summary judgment did not violate Federal Rule of Civil Procedure 11(b). After receiving Sargent's response, the district court de-

* Construing the sanction order to have enjoined application of § 1915, a majority of this panel finds jurisdiction to review the order under 28 U.S.C.A. § 1292(a)(1) (West 1993). Judge Campbell also finds jurisdiction to review, but would do so under mandamus or the collateral order doctrine.

termined that sanctions were warranted and enjoined application of § 1915(g) to Cox until further order of the court.

## II.

■ Sargent first argues that the sanction should be reversed because the district court abused its discretion in finding that the legal contentions contained in the memorandum in support of the motion for summary judgment violated Rule 11. *See* Fed.R.Civ.P. 11. We agree.

■ The provisions of Rule 11 dictate that in presenting a motion to a court, an attorney represents that the "legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R.Civ.P. 11(b)(2). An assertion of law violates Rule 11(b)(2) when, applying a standard of objective reasonableness, it can be said that "a reasonable attorney in like circumstances could [not have] believe[d] his actions to be ... legally justified." *Cabell v. Petty*, 810 F.2d 463, 466 (4th Cir.1987). A legal contention is unjustified when "a reasonable attorney would recognize [it] as frivolous." *Forrest Creek Assocs. v. McLean Sav. & Loan Ass'n*, 831 F.2d 1238, 1245 (4th Cir. 1987). Put differently, a legal position violates Rule 11 if it "has 'absolutely no chance of success under the existing precedent.'" *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir.1991) (quoting *Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984, 988 (4th Cir.1987)); *see also Robeson Defense Comm. v. Britt (In re Kunstler)*, 914 F.2d 505, 514–18 (4th Cir.1990) (affirming Rule 11 sanctions because attorneys' arguments were not well grounded in fact or law).

Here, the district court first took issue with Sargent's contention that the earlier dismissal of some of the claims in Cox's present lawsuit should be considered his third strike for the purpose of § 1915(g). However, ten of the eleven claims in Cox's complaint had been dismissed for failure to state a claim upon which relief could be granted, and it was well within the bounds of fair adversarial argument for the Govern-

ment to suggest that the remaining claim must also be dismissed as frivolous, causing the three-strike rule to apply. If the latter occurred, Cox's underlying suit could indeed constitute the third strike against him. We cannot say that the position had no chance of success under existing law.

■ The district court next found fault with Sargent's representation that pursuant to § 1915(g) a third dismissal for frivolity, malice, or failure to state a claim would bar Cox from future filings. Assuredly, Sargent's legal contention was not a complete explanation of the consequences of a third strike. But, the consequences of a third strike in all future cases were not put into issue by the motion. And, Sargent explains that the statement was meant to convey only that Cox would be barred from filing cases pursuant to § 1915—the statute at issue—which addresses only in forma pauperis filings. Thus, although Sargent's statement of the consequences of obtaining a third strike perhaps was not completely thorough, it can plausibly be read as a mere shorthand reference to the statute and was not unwarranted under the circumstances. Accordingly, we find the decision of the district court to sanction Sargent under Rule 11 constituted an abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 2460–61, 110 L.Ed.2d 359 (1990) (holding that a decision of the district court that Rule 11 has been violated is reviewed for an abuse of discretion).

## III.

■ Sargent also maintains that even if her conduct warranted sanctions, the district court abused its discretion in choosing the particular sanction imposed. "A sanction imposed for violation of [Rule 11] shall be limited to what is sufficient to deter repetition" of the objectionable conduct. Fed.R.Civ.P. 11(c)(2). This court has made "clear that the primary ... purpose of Rule 11 is to deter future litigation abuse." *In re Kunstler*, 914 F.2d at 522. Other objectives advanced by the imposition of a sanction are remediation of the harm caused by the Rule 11 violation, for example by compensating the victim for

attorney's fees expended in responding to the frivolous claim; punishment of the person or entity responsible for the violation; and enhancement of judicial administration. *See id.*

With these purposes in mind, we conclude that the district court abused its discretion in ruling that the sanction imposed was limited to what was sufficient to deter Sargent's conduct. *See Cooter & Gell,* 496 U.S. at 405, 110 S.Ct. at 2460–61 (holding that a decision of the district court that Rule 11 has been violated is reviewed for an abuse of discretion). The finding by the district court that Sargent violated Rule 11 by advancing an unsupported legal assertion essentially amounts to a public reprimand that, in and of itself, should be a significant deterrent to future violations. And, there is no serious suggestion that further sanction was necessary to curb future abuses by Sargent. Further, Cox was in no way prejudiced by Sargent's legal assertion. Assuming that Cox moved to dismiss his action based upon Sargent's legal representations, the district court permitted reinstatement of the action upon Cox's request. Thus, the imposition of any sanction was unnecessary for purposes of remediating harm caused by the Rule 11 violation. Moreover, assuming that Cox was prejudiced in some way by Sargent's statements, the sanction imposed by the district court failed to provide remediation because it had no potential to alleviate any type of harm that Cox could have suffered in the present litigation. Indeed, we can envision no circumstances in which such a sanction would be appropriate to remediate harm to a victim of a Rule 11 violation. Finally, there is no suggestion that an injunction on application of § 1915(g) to Cox was necessary to punish Sargent or to enhance judicial administration. For that matter, it is difficult to say that the sanction adversely impacted Sargent in the least. And, we fail to appreciate how the suspension of a statute specifically designed to reduce the amount of frivolous prisoner litigation could be thought to enhance the administration of justice. Accordingly, we conclude that the district court abused its discretion in choosing a sanction to impose upon Sargent even if her conduct had violated Rule 11.

## IV.

For the foregoing reasons, the sanction imposed by the district court is reversed.

*REVERSED.*